IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01895-WYD-KMT

JOHN DOWNS;
COMMERCE & INDUSTRY INSURANCE COMPANY, a New York corporation,

    Plaintiffs,

v.

TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, a Delaware corporation; and
TA COUNTRY PRIDE RESTAURANT, d/b/a/ COUNTRY PRIDE RESTAURANT,

    Defendants.

## ORDER

This matter comes before the Court upon review of the file.  In advance of the jury trial scheduled to commence Monday, December 13, 2010, I ordered the parties to address four relevant legal issues.  After carefully reviewing the parties' responses and the applicable law, I order the following.

By way of background, Plaintiff John Downs asserts a premises liability claim under Colorado law against the Defendants.  This claim will be tried to the jury.

Plaintiff Commerce & Industry Insurance Company ("Commerce") asserts a claim for statutory and equitable right of subrogation based on Section 5(b) of the Illinois Workers' Compensation Act.  820 ILCS 305/5(b).  Plaintiff Downs was an Illinois worker, thus, he was entitled to benefits under the Illinois workers' compensation statute.  Commerce paid Downs workers' compensation benefits governed by the workers'

compensation laws of the State of Illinois. Therefore, the Court and the parties agree that Illinois law applies to this claim.

I note that Defendants and Plaintiff Commerce agree that should the jury find Defendants liable under the Colorado premises liability statute (and thus, find in favor of Plaintiff Downs), Commerce's subrogation claim should be decided by the Court.[1] Based on my careful review of the parties' submissions and the controlling law, I agree. Once the jury returns a verdict on Plaintiff Downs' premises liability claim, if necessary, the Court will rule on Commerce's subrogation claim. Accordingly, the Court will not submit instructions to the jury regarding any issue concerning Commerce's subrogation claim as it may cause confusion of the issues or mislead the jury. Additionally, for the same reasons, the Court will not submit instructions to the jury regarding a first-party or third-party bad faith claim against an insurance company or any instructions concerning Commerce's alleged failure to mitigate its damages.

As to the issue raised by Defendants concerning the testimony of Marsica Singleton, the Court finds that it must hear such testimony. Prior to Ms. Singleton's testimony at trial, the Court will hear argument as to whether or not it is appropriate for the jury to hear such evidence.

---

[1] Plaintiff Downs disagrees with the Court deciding Plaintiff Commerce's subrogation claim, but fails to submit a persuasive argument or any controlling authority in support of its position.

Dated: December 10, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge