IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01895-WYD-KMT

JOHN DOWNS;
COMMERCE & INDUSTRY INSURANCE COMPANY, a New York corporation,

      Plaintiffs,

v.

TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, a Delaware
corporation; and
TA COUNTRY PRIDE RESTAURANT, d/b/a/ COUNTRY PRIDE RESTAURANT,

      Defendants.

---

## ORDER ON MOTION TO AMEND JUDGMENT

---

THIS MATTER comes before the Court on Defendants' Motion Pursuant to Fed.
R. Civ. P. 59(e) to Alter or Amend Judgment on Additional Award to Commerce &
Industry Insurance Company (ECF No. 107) filed March 7, 2011.  Responses were filed
on March 25, 2011, and a reply was filed on March 31, 2011.  Defendants' motion was
filed within ten (10) days of the entry of judgment, which was entered on February 24,
2011.  Accordingly, it is properly addressed under Fed. R. Civ. P. 59(e).

Defendants' motion essentially seeks reconsideration of my Amended Order
dated February 16, 2011 (ECF No. 102), which entered judgment in favor of Plaintiff
Commerce & Industry ("Commerce") and against the Defendants for the subrogation
claim in the amount of $30,068.94 for medical costs, $24,367.22 in total temporary
disability ("TTD") and $80,000.00 in permanent partial disability ("PPD") plus pre-

judgment interest at the legal rate of 8.0% and post-judgment interest at the statutory

rate.  In the Amended Order, I also entered judgment in favor of Plaintiff John Downs

("Downs") and against the Defendants for Downs' premises liability claim in the amount

of $54,931.06, which is consistent with the jury's verdict ($85,000.00) less the amount of

medical costs awarded to Commerce ($30,068.94), which totals $54,931.06 plus pre-

judgment interest at the legal rate of 8% and post-judgment interest at the statutory

rate.  (Amended Order, ECF. No 102.)

In the pending motion, Defendants assert that the additional award to

Commerce, over and above the amounts awarded by the jury in this case, was incorrect

and not in accord with Illinois subrogation law.  Defendants request that I vacate the

judgment awarding the additional $104,367.22 to Commerce and assert that

Commerce's award should come from the $50,000 in economic damages awarded to

Downs by the jury.

There are three major grounds that justify reconsideration under Rule 59(e): "(1)

an intervening change in the controlling law; (2) new evidence previously unavailable;

and (3) the need to correct clear error or prevent manifest injustice."  *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's

position, or the controlling law."  *Id*.  A motion for reconsideration "is not appropriate to

revisit issues already addressed or advance arguments that could have been raised in

prior briefing."  *Id.*; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299,

300 (D. Colo. 1997) ("a motion for reconsideration is not a license for a [party] to get a

second bite at the apple and make legal arguments that could have been raised before") (internal quotation marks omitted).

Turning to my analysis, I note that Defendants' primary argument in support of its motion is that "Commerce & Industry's award should come from the $50,000 in economic damages awarded to Downs, as Commerce & Industry's payments to Downs for PPD and TTD were both economic losses which were properly considered by the jury." (Mot. at 3.)  Based on a careful review of the record, I find this argument to be factually incorrect and contrary to the record.

In my Amended Order dated February 16, 2011, I set forth a detailed background of this case.  However, in response to Defendants' argument, I will briefly highlight relevant procedural events surrounding the trial in this matter.

The jury trial commenced on Monday, December 13, 2010.  On December 16, 2010, the jury returned a verdict for Plaintiff Downs on his premises liability claim under Colorado law.  Specifically, the jury awarded Downs $50,000 in damages for economic losses excluding any damages for physical impairment or disfigurement and $50,000 in damages for noneconomic losses or injuries excluding any damages for physical impairment or disfigurement.  The jury did not award damages for physical impairment or disfigurement.  Finally, the jury found Plaintiff Downs to be 15% comparatively negligent in the accident.  Accordingly, the $100,000 award was reduced by 15%, which totaled $85,000.

Prior to the start of the trial, the parties agreed that Commerce's subrogation claim was properly tried to the Court, not the jury.  Thus, in a written order dated

December 10, 2010, I stated that "[o]nce the jury returns a verdict on Plaintiff Downs'

premises liability claim, if necessary, the Court will rule on Commerce's subrogation

claim.  Accordingly, the Court will not submit instructions to the jury regarding any issue

concerning Commerce's subrogation claim as it may cause confusion of the issues or

mislead the jury."  (ECF No. 83.)

Consistent with my December 10, 2010 order and without objection by any party,

at trial, I gave the following instruction to the jury, which reads in relevant part:

> Plaintiff Commerce & Industry was the workers' compensation carrier for
> Mr. Downs' employer and seeks to recover all of the workers'
> compensation benefits paid under Illinois workers' compensation laws to
> or for the benefit of John Downs.  This is a claim to be decided by the
> Court.  The jury will not decide this issue.

(ECF No. 88, Jury Instruction No. 1.)

Thus, it is clear that all parties were in agreement that the Court was to decide

Commerce's claim, not the jury.[1]  Accordingly, at trial, Commerce presented testimony

to the jury as to medical expenses paid by Commerce for the benefit of Plaintiff Downs.

The amount and justification for medical payments were provided to the jury by

Commerce's workers' compensation adjuster, Marsica Singleton, after she was qualified

as an expert witness in the field of workers' compensation adjusting under Illinois law.[2]

---

[1] After a thorough review of the trial transcript, I note that there was an extensive discussion regarding this issue outside the presence of the jury and before any evidence was presented.  (Pretrial Hr'g Tr., Dec. 13, 2010 at 1-35; Trial Tr. Dec. 13, 2010 at 125-164.)  "[W]e decided this morning, once liability is established, if it is established, the Court gets to decide the damages for [Commerce]."  (Trial Tr. Dec. 13, 2010 at 164:14-18.)

[2] Plaintiff Downs is a resident and citizen of the state of Illinois.  Commerce is the workers' compensation carrier who was responsible for Plaintiff Downs' medical, wage

Consistent with the parties' stipulation that the Court would decide Commerce's claim, I allowed no other testimony as to Commerce's payments to Plaintiff Downs in connection with his workers' compensation claim to be presented to the jury. However, outside the presence of the jury, I heard testimony from Ms. Singleton and received exhibits regarding the amounts Commerce paid Plaintiff Downs for PPD and TTD.

Thus, it is clear that the jury did not consider (nor was it presented) any evidence with respect to Commerce's payments to Downs for PPD and TTD. In fact, the jury was specifically instructed not to consider Commerce's claims. Thus, I reject Defendants' argument that the jury "was presented with all evidence necessary to consider Downs' damages claim for ... TTD and PPD ...." (Mot. at 15.)

I further note that to the extent Defendants raise other issues in their pending motion, these issues were previously briefed, addressed and ruled upon in connection with my February 16, 2011 Amended Order. Defendants have not advanced any change in the law or newly discovered evidence. Moreover, they have not shown any clear error in my ruling. Finally, they have not shown that I misapprehended the facts, the parties' positions or controlling law. Accordingly, the only ground that Defendants could possibly rely on in support of the motion is the need to prevent manifest injustice. I find that Defendants have not established this need. Accordingly, I find that the relief requested in the motion is not proper. *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion for reconsideration "is not appropriate to revisit issues already addressed or

loss and injury benefits. It is undisputed that Commerce's claim is based on section 5(b) of the Illinois Workers' Compensation Act and is thus, governed by Illinois law.

-5-

advance arguments that could have been raised in prior briefing").

Accordingly, based on the foregoing, it is

ORDERED that Defendants' Motion Pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend Judgment on Additional Award to Commerce & Industry Insurance Company (ECF No. 107) filed March 7, 2011 is **DENIED.**

Dated:  April 19, 2011

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge